IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00883-KLM-MEH

TRAVIS ROWLAND, and
MELANIE ROWLAND,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on Defendant's **Motion to Bifurcate Trial Into Liability and Damages Phases** [#56][2] (the "Motion"). Plaintiffs filed a Response [#71] and Defendant filed a Reply [#75] in further support of the Motion. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#56] is **GRANTED**.

## I. Background

In this case, Plaintiffs bring claims under the Federal Tort Claims Act ("FTCA"), 28

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See generally Consent Form* [#20].

[2] "[#56]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

U.S.C. § 2671, relating to a July 6, 2011 automobile accident. *Am. Compl.* [#34] ¶¶ 1-3, 13. Plaintiffs allege that a tractor-trailer driven by an employee of the United States Postal Service ("USPS") collided with Plaintiff Travis Rowland's vehicle and that the driver of the USPS vehicle was negligent. *Id.* ¶¶ 19, 22-38. Plaintiff Melanie Rowland also brings a loss of consortium claim. *Id.* ¶¶ 39-42.

At the September 15, 2014 Scheduling Conference the parties informed the Court that they anticipated a seven-day trial to the Court. *Sched. Order* [#29] § 10. In the Motion, Defendant asks the Court to bifurcate the trial into two phases: the first phase would be dedicated to determining liability and, if Plaintiffs prevail in the first phase, the second phase would be dedicated to determining damages. *Motion* [#56] at 1. Defendant argues that this will conserve judicial resources and the parties' resources. *Id.* at 1-7. Defendant further argues that bifurcation will not prejudice Plaintiffs. *Id.* at 1, 7. Finally, Defendant maintains that the issues of liability and damages are completely separate in this case and, therefore, bifurcation is appropriate. *Id.* at 1, 7-9.

In their Response, Plaintiffs argue that rather than conserving the parties' resources, bifurcation "would result in significantly increased costs to Plaintiffs as they live in Washington and would need to travel to Colorado on separate occasions for two trials." *Response* [#71] at 4. In addition, Plaintiffs aver that Plaintiff Travis Rowland "has the right to have this trial once and finally over." *Id.* Plaintiffs further argue that they will be prejudiced because they will have to update their experts' opinions before the damages portion of the trial because Plaintiff Travis Rowland continues to receive medical treatment for his injuries. *Id.* at 5. Finally, Plaintiffs argue that "there is likely to be some overlap in testimony in that there is often evidence of injury causation given the forces of a collision.

Case 1:14-cv-00883-KLM-MEH   Document 76   Filed 08/20/15   USDC Colorado   Page 3 of 6

This testimony is often elicited from witnesses on liability." *Id.* at 6-7.

In its Reply, Defendant argues that Plaintiffs' "argument of prejudice militating against bifurcation of the liability and damages phases of trial . . . does not outweigh the economies and benefits of bifurcation to the Court and the parties." *Reply* [#75] at 1. Defendant further argues that the liability phase of the trial would take one or two days and that the damages phase would take much longer because of the number of witnesses identified by the parties. *Id.* at 2. Finally, Defendant attacks Plaintiffs' argument that they will be prejudiced by bifurcation. *Id.* at 3-4.

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 42(b), the Court may bifurcate the issues in a case into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." Fed. R. Civ. P. 42(b); *King v. McKillop*, 112 F.Supp.2d 1214, 1221 (D. Colo. 2000). "Nevertheless, bifurcation is the exception, not the rule." *Am. Fam. Mut. Ins. Co. v. Haslam*, No. 09-cv-00724-DME-MEH, 2011 WL 1042284, at *1 (D. Colo. Mar. 22, 2011) (J. Ebel) (citing advisory committee's note). This Court has "broad discretion in deciding whether to sever issues for trial . . . ." *Green Constr. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation marks omitted). "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir.1993). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.* (citations omitted).

In this case, the issues of liability and damages are separable. Plaintiffs bring their negligence claims on a theory that the USPS employee negligently caused the car

accident. As a result, they seek damages for physical injuries ("substantial medical bills, pharmacy bills, therapy bills, and the like expenses"), past economic damages (including household services), lost wages, future economic damages ("including household services, medical bills, pharmacy bills, therapy bills, surgery bills," and other expenses), past non-economic damages, future non-economic damages, non-economic damages relating to past and future disfigurement, and compensation for loss of consortium. *Sched. Order* [#29] § 5. The testimony required to substantiate what happened on July 6, 2011, is very different from the testimony that will be elicited in order to substantiate the damages sought by Plaintiffs. For example, Defendant lists five witnesses who have been identified by the parties to provide testimony regarding the issue of liability. *Motion* [#56] at 3. This includes accident reconstruction experts retained by both sides, a police officer, the USPS employee driving the tractor-trailer, and a USPS employee who took photographs at the scene of the accident. *Id.* Defendant also explains that Plaintiffs have designated twenty expert witnesses to testify regarding damages and Defendant has designated seven witnesses to testify regarding damages. *Id.* at 4-5. In addition, it is anticipated that both Plaintiffs will testify regarding damages. *Id.* at 5. Although Plaintiffs argue that "the final trial schedule has not been completed and it is unlikely that all of the witnesses listed will testify," *Response* [#71] at 4, Plaintiffs do not argue that the number of witnesses they will present regarding damages will decrease significantly or that there is any significant overlap between the witnesses designated with regard to liability and damages. To the extent that Plaintiff Travis Rowland may have to testify twice if the case is bifurcated, that is not a significant burden given that 27 witnesses currently identified would not have to testify if the case is bifurcated and liability is not found. Accordingly, the Court finds that bifurcation

would serve the interests of convenience, expedience, and economization. Therefore, the Court turns to Plaintiffs' arguments regarding any prejudice they may suffer if the case is bifurcated.

Plaintiffs argue that they will be prejudiced because both Plaintiffs would have to attend both phases of the trial and that this would lead to increased stress, travel costs, and time away from work. *Id.* at 4-5. While it is true that Plaintiffs, who reside in Washington, would have to travel to Colorado for trial, if the case is bifurcated and Defendant is not found liable, they will spend less money on travel and spend fewer days away from work. In short, this argument cuts both ways in any case in which bifurcation is sought. Further, to the extent Plaintiff Melanie Rowland is saved from having to testify in support of her loss of consortium claim, she may actually experience less stress associated with this litigation because she would not have to discuss the intimate details of her life with her husband. In addition, to the extent that liability is found, the Court can schedule the second phase of the trial relatively quickly after the liability phase concludes and will work with the parties to find dates that work with their schedules. Therefore, the Court finds that bifurcation is appropriate in this case because it will not prejudice Plaintiffs.

### III. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#56] is **GRANTED**. This case will be tried in two phases: liability and damages. The liability phase of the trial shall commence on Wednesday, **November 4, 2015 at 9:00 a.m.**, and shall not last more than three (3) days. If Defendant is found liable at the conclusion of the liability phase of the trial, the

Court will schedule the damages phase of the trial as soon as practicable.

Dated: August 20, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge